IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A2MG, INC.,

    Plaintiff,

v.

KAWNEER COMPANY, INC., et al.,

    Defendants.

Case No. 15-CV-2015-JAR

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to Defendants Stanley Black & Decker, Inc. and Stanley Fastening Systems, LP's Motion to be Dropped as Defendants to Plaintiff's Action (Doc. 51). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Defendants' motion.

**I.    Background**

Plaintiff, a subcontractor on a construction project, filed this action in Wyandotte County, Kansas District Court, against Defendants Kawneer Company, Inc. ("Kawneer"), Alloy Fasteners, Inc. ("Alloy"), and Camcar, LLC d/b/a Elco Construction Products. On January 5, 2015, Alloy removed the action to this Court based on diversity jurisdiction. On February 4, 2015, Plaintiff filed an Amended Complaint (Doc. 28), in which Plaintiff dismissed Camcar, LLC as a defendant and added Defendants Stanley Black & Decker, Inc. ("Black & Decker"), Stanley Fastening Systems, LP ("Stanley Fastening"), and Infastech Decorah, LLC ("Infastech") (collectively, the "Stanley Defendants"). Plaintiff's claims arise out of allegedly defective fasteners supplied by Elco Construction Products ("Elco"), which now appears to be a fictitious (e.g. brand) name—not a legal entity. In an attempt to join the proper defendants, Plaintiff dutifully outlines what it believes is a series of transactions involving the acquisition of either the

1

Elco brand or products manufactured under the Elco name, such as the allegedly defective fasteners.[1]

On April 6, 2015, the Stanley Defendants filed a corporate disclosure statement stating that Defendant Black & Decker is the parent corporation of Stanley Fastening, LP, and Infastech Decorah, LLC.[2] The Stanley Defendants filed the instant motion on June 4, 2015, requesting Defendants Black & Decker and Stanley Fastening be dismissed as defendants in this action.[3]

## II.     Legal Standard

Fed. R. Civ. P. 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim.[4]

## III.    Discussion

Defendants contend they should be dropped from this lawsuit because Plaintiff has not made any allegations against Black & Decker or Stanley Fastening. The Court is unpersuaded. Plaintiff provided a detailed outline of what it believes is a series of transactions involving Elco or its products. Because Elco appears to be a fictitious name rather than a legal entity, it is

---

[1] *See* Doc. 23; *see also* Doc. 28.

[2] Doc. 36. Notably, the Stanley Defendants refer to "Stanley Fastening, LP" in this corporate disclosure statement but then refer to the entity as "Stanley Fastening Systems, LP" in the instant motion (Doc. 51).

[3] Doc. 51.

[4] Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (providing that to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately) (citing *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

difficult to pinpoint the potentially liable entity that is manufacturing fasteners under the Elco name.  Plaintiff thus joined the parties it believed may be liable, after what appears to be an extensive investigation.  At the very least, Plaintiff has conducted a good-faith investigation as to whether it has added the proper parties.    Plaintiff searched Elco's website, which states: "Elco Construction Products, based in Decorah, IA is part of Stanley Engineered Fastening (formerly Infastech).  For more information on Stanley Engineered Fastening please visit StanleyEngineeredFastening.com."[5]  Plaintiff then searched Stanley Engineered Fastening's website, which states that it has locations in Connecticut, Indiana, Iowa, Kentucky, Michigan, North Carolina, and Ohio.[6]  It also references Infastech.[7]  In order to determine whether "Stanley Engineered Fastening" is a legal entity and where it is incorporated, Plaintiff's counsel reviewed the Secretary of State business entity records of Connecticut, Delaware, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, North Carolina, Ohio, and Pennsylvania.  Plaintiff determined that Stanley Engineered Fastening is (1) not a legal entity, (2) is not registered to do business in any of the states where it and Elco appear to do business, and (3) is not listed as a registered fictitious name in any of those states.  However, Plaintiff believes Stanley Engineered Fastening is a fictitious name belonging to Infastech.  Plaintiff also attempted multiple times to contact Black & Decker's counsel with mixed results.

The Stanley Defendants' corporate disclosure statement could have succinctly outlined where or how the Elco and Stanley Engineered Fastening names fits in, but it does not.  Further confusing the issue is a letter from Black & Decker's litigation manager to Plaintiff's counsel

---

[5] Doc. 23-1, Ex. A.  The Court notes that it is unclear whether (or how) "Stanley Engineered Fastening" is affiliated with Stanley Fastening Systems, LP.

[6] Doc. 23-7, Ex. G.

[7] Id.

that begins "[o]n behalf of Elco Construction Products and Infastech ("Elco/Infastech"). . . ."[8] At no time do Defendants attempt to clarify the record as to their relationship with Elco or Stanley Engineered Fastening. Indeed, Defendants' motion and reply brief mentions "Elco" a grand total of one time, and it is in their summary of Plaintiff's argument in opposition. And while Defendants insist Plaintiff has adequate knowledge that Infastech is the entity that "had involvement with the design, manufacture and supply of the fasteners at issue,"[9] Defendants do not address most of Plaintiff's allegations that many of the named entities have or are doing business as Elco or Stanley Engineered Fastening.

The Court therefore agrees with Plaintiff: "Until [] discovery is complete, there are too many unclear and controverted allegations, such that summarily dropping Black & Decker and [Stanley Fastening] as defendants is premature and inappropriate."[10] As it is, Plaintiff is in compliance with Federal Rule of Civil Procedure 20 because Plaintiff's claims against Defendants arise from the same transaction or occurrence and present a common question of law or fact.[11]

**IT IS THEREFORE ORDERED** that Defendants Stanley Black & Decker, Inc. and Stanley Fastening Systems, LP's Motion to be Dropped as Defendants to Plaintiff's Action (Doc. 51) is **denied**.

**IT IS SO ORDERED.**

Dated: August 10, 2015

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[8] Doc. 23-12, Ex. L.

[9] Doc. 64 at 3.

[10] Doc. 55 at 5.

[11] The argument that Black & Decker or Stanley Fastening cannot be held *liable* due to their alleged parent-subsidiary relationship(s) is irrelevant to misjoinder under Fed. R. Civ. P. 21.